UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FERRANTINO,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO COUNTY OFFICE OF EDUCATION,<br><br>  Defendant. | No. 2:18-cv-3063 JAM DB PS<br><br>ORDER |

Plaintiff Anthony Ferrantino is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) or in the alternative for a more definitive statement pursuant to 12(e) of the Federal Rules of Civil Procedure and plaintiff's motions to transfer venue. For the reasons stated below, the motion to dismiss is granted, plaintiff is granted leave to file an amended complaint, and the motions to transfer are denied.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on November 27, 2018, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Therein, plaintiff alleges that as follows.

1

On April 5, 2018, plaintiff was hired by defendant Sacramento County Office of Education ("Sacramento County") as a substitute teacher. (Compl. (ECF No. 1) at 5.[1]) On April 10, 2018, plaintiff was "removed from eligibility list . . . effectively terminated." (Id.) Plaintiff was "assigned as substitute for 30 days." (Id.) On June 30, 2018, "another substitute" who was "younger" was "given longer assignments and higher daily rate of pay." (Id.) The complaint also alleges "[r]etaliation against [plaintiff] for protected activity EEOC complaint[.]" (Id.) Pursuant to these allegations the complaint asserts a violation of the "Age Discrimination in Employment Act of 1967." (Id. at 4.) On May 22, 2019, the undersigned granted plaintiff's motion to proceed in forma pauperis and ordered service on defendant. (ECF No. 4.)

On May 23, 2019, and June 25, 2019, plaintiff filed motions to transfer venue. (ECF Nos. 7 & 11.) On August 30, 2019, defendant Sacramento County filed the pending motion to dismiss. (ECF No. 13.) Plaintiff failed to file a timely statement of opposition or non-opposition and the undersigned issued an order to show cause on October 7, 2019. (ECF No. 21.) Plaintiff filed an opposition on October 25, 2019, and "second," and "third" oppositions on October 28, 2019, and October 30, 2019. (ECF Nos. 24-26.) Defendant filed a reply on November 7, 2019. (ECF No. 29.)

**STANDARD**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**II.     Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The

> motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

"Motions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]'" Nguyen v. CTS Electronics Manufacturing Solutions Inc., 301 F.R.D. 337, 340 (N.D. Cal. 2014) (quoting E.E.O.C. v. Alia Corp., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012)). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

**ANALYSIS**

**I.      Defendant's Motion to Dismiss**

Review of plaintiff's complaint and defendant's motion to dismiss finds that the complaint must be dismissed for failure to state a claim. In this regard, the complaint alleges that the defendant engaged in age-based discrimination. (Compl. (ECF No. 1) at 4-5.)

////

////

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a). "[A] prima facie case of age discrimination arises when the employee shows: (1) at the time of an alleged adverse employment action, the employee was 40 years of age or older; (2) an adverse action was taken against the employee; (3) at the time of the adverse action the employee was satisfactorily performing her job; and (4) some other circumstance suggesting a discriminatory motive was present." Krylova v. Genentech Inc., 37 F.Supp.3d 1156, 1163 (N.D. Cal. 2014); see also Shelley v. Geren, 666 F.3d 599, 608 (9th Cir. 2012) ("In a failure-to-promote case, a plaintiff may establish a prima facie case of discrimination in violation of the ADEA by producing evidence that he or she was (1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the promotion was given to a substantially younger person.").

Here, the complaint fails to state the elements of an ADEA claim and provides no facts in support. For example, the complaint does not allege that plaintiff was at least forty years old at the time of the events. Nor does the complaint allege facts establishing that plaintiff was performing satisfactorily or qualified for the position. And the complaint does not allege that the job plaintiff lost was given to a younger person. The complaint simply alleges that plaintiff was "effectively terminated" and "another substitute, younger" was "given longer assignments and higher daily rate of pay." (Compl. (ECF No. 1) at 5.)

The complaint's retaliation claim is also vague and conclusory. "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the

plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." Poland v. Chertoff, 494 F.3d 1174, 1179-80 (9th Cir. 2007). Here, the complaint simply alleges "retaliation against [plaintiff] for protected activity EEOC complaint[.]" (Compl. (ECF No. 1) at 5.) No factual allegations are offered in support.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

**II.     Leave to Amend**

For the reasons stated above, defendant's motion to dismiss will be granted. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." <u>Id.</u> at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

### III.   Plaintiff's Motions to Transfer

Plaintiff's motions to transfer seek to transfer this action "to U.S. District Court, San Jose, CA," because plaintiff "has moved to Menlo Park, CA to be close to his doctors at Stanford." (ECF No. 7 at 1.) Plaintiff also complains about the cost of "gas or train fare to attend my case in Sacramento Court." (ECF No. 16 at 1.)

Pursuant to 28 U.S.C. § 1404(b), a federal court is authorized to transfer an action from one district to another, upon motion, consent, or stipulation of all parties. The court may transfer

an action to any district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); <u>Ventress v. Japan Airlines</u>, 486 F.3d 1111, 1118 (9th Cir. 2007).

However, the moving party must first establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." <u>Catch Curve, Inc. v. Venali, Inc.</u>, Case No. CV 05-2820 DDP (AJWx), 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006); <u>see</u> <u>Hoffman v. Blaski</u>, 363 U.S. 335, 343-44 (1960). If plaintiff makes the necessary showing, the court must consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); <u>see</u> <u>Szegedy v. Keystone Food Prod., Inc.</u>, No. CV 08-5369 CAS (FFMx), 2009 WL 2767683 (C.D. Cal. Aug. 26, 2009) (citing <u>Los Angeles Mem'l Coliseum Comm'n v. N.F.L.</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981)).

Here, plaintiff's motions make no attempt to make the necessary showing. Moreover, plaintiff's complaint will be dismissed with leave to amend, making a decision with respect to transfer premature. Plaintiff's motions will, therefore, be denied without prejudice to renewal.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's August 30, 2019 motion to dismiss (ECF No. 13) is granted;

2. The complaint filed November 27, 2018 (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

////

////

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

8

4. Plaintiff's May 23, 2019 motion to transfer (ECF No. 7), June 25, 2019 motion to transfer (ECF No. 11), and September 9, 2019 motion to transfer (ECF No. 16) are denied without prejudice to renewal; and

5. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: March 2, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ferrantino3063.mtd.ord